## HEATH, et ux v. KEYS, et al.

Circuit Court, Palm Beach County.

March 20, 1956.

Russell H. McIntosh, West Palm Beach, for plaintiffs.

Jacobs & Harvey, Lake Worth, and Sidney J. Catts, Jr., West Palm Beach for defendants.

JOSEPH S. WHITE, Circuit Judge.

This cause came on for entry of final decree upon the pleadings, testimony taken orally before the court, and argument of counsel.

The question to determine here is whether or not the relationship of landlord and tenant exists between the parties so that defendant is entitled to possession of plaintiffs' real estate under a certain lease arrangement.

The facts are—Plaintiffs own the land in controversy, a parcel 150 feet by 150 feet, lying on the outskirts of the city of Lake Worth. During the month of December 1952, they were in the act of erecting on the premises a building in which they intended to live, and at the same time conduct a roadside grocery store and filling station. Defendant being then the wholesale dealer in gasoline and oils for "Cities Service" products, approached plaintiffs with a proposal that plaintiffs sell "Cities Service" gasoline and oils to be furnished at wholesale by defendant. Such a proposition was agreeable to plaintiffs, and thereupon defendant caused to be prepared three documents, all of which were thereafter executed by the parties and are now in question in this suit. Each of the three documents was dated December 13, 1952—and were signed by the parties as one transaction.

The first document is entitled "Lease." The second is entitled "Station Lease," and the third is entitled "Equipment Rental Agreement." By the first, plaintiffs, owners of the property, leased the real estate in question to the defendant for a period of ten years. The defendant as lessee, agreed to pay as ground rent "one cent (1c) per gallon for each and every gallon of gasoline sold at retail on said premises during the term of said lease." A clause was inserted giving the lessee the right to terminate the lease at any time upon giving 30 days written notice. By the second document defendant, as *lessor* leased the same premises back to the owners for a period of "twelve months from and after the date hereof, and from twelve months to twelve months thereafter, unless sooner terminated as hereinafter set out." By that document plaintiffs, owners of the property, as lessees, agreed to pay defendant "one cent (1c) per gallon for each and every gallon of gasoline purchased by the lessee for sale or use upon the demised premises." A clause was inserted in that document giving either party the right to cancel and terminate the lease "upon giving to the other party not less than ten days written notice." By the third document defendant leased to plaintiffs certain tanks, pumps and other equipment at a consideration of one dollar per year. That lease was for a period of ten years, but defendant reserved the right to terminate it upon giving ten days written notice.

Defendant never entered into possession of the property. Plaintiffs, the owners, are now and at all times have been in possession thereof. Defendant has never paid to the plaintiffs the ground rent called for in the "Lease," and plaintiffs have never paid to the defendant the ground rent called for in the "Station Lease." The pumps and equipment were installed, and defendant furnished gasoline products to plaintiffs until the month of February 1955, when plaintiffs terminated their arrangement to purchase gasoline products from defendant. Defendant instituted proceedings in the county court to dispossess plaintiffs under "landlord and tenant" procedure. This suit in chancery resulted.

It is the view of the court that the relationship between the parties must be determined by a consideration of all the written documents as one single transaction. See Thompson v. Shell Petroleum Corp. (Fla.), 178 So. 413. Equity looks to the substance rather than to form. It was never intended that plaintiffs lease their property to defendant. They had no desire to lease their lands to defendant or to anyone else, and it was never proposed by defendant that he take over their property. Defendant was a wholesale dealer in gasoline products, seeking an outlet for his merchandise—plaintiffs merely wished to obtain such merchandise for retail sale.

If the court now gives effect solely to the "Lease," disregarding the other documents, the court arrives at a result which was never intended by the parties. Defendant acquires possession of plaintiffs' entire property, buildings and all, for a period of ten years, yielding only as ground rent, one cent per gallon on all gasoline sold therefrom. No obligation is placed upon defendant to sell any particular quantity of gasoline. He may devote the entire property to any use desired for a period of ten years, yielding rent based solely on quantity of gasoline sold. Obviously this brings the court to an inequitable and unconscionable result which was never intended by the parties.

Furthermore, it seems that the simultaneous exchange of leases, covering the identical parcel of real estate in its entirety, with the owners never intending actually to give up possession of any part thereof, resulted in a nudum pactum. The leases neutralized each other. The reciprocal agreements of the parties to pay each other one cent per gallon of gasoline sold had a like effect. The result was a transaction unsupported by a consideration.

When the transaction is considered in its entirety, one must conclude that the relationship between the parties was simply that of wholesale dealer seeking an outlet for his products, and a retail dealer desiring merchandise to sell to the public. When that re-

lationship terminated the entire transaction was at an end, and the court has no right to give effect to one of the documents, to the exclusion of the others. This was not the intention of the parties when the transaction was closed.

It is ordered and decreed that the said lease agreement is canceled and shall be held for naught, and defendant is permanently enjoined and restrained from claiming right of possession to the real estate in question, under and pursuant to said lease. Court costs are assessed against defendant.